# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOYCE HICKS, *et al.*, | |
| Plaintiffs, | 2:05-CV-1503-RCJ-GWF |
| vs. | **ORDER** |
| CITY OF NORTH LAS VEGAS, *et al.*, | |
| Defendants. | |

This matter coming before the Court on Defendants' Motion to Dismiss (#22). The Court has considered the Motion, the pleadings on file, and oral argument on behalf of all parties. IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#22) is *denied*.

## BACKGROUND

Joyce Hicks ("Plaintiff") claims that her son, Daryl Hicks, fell ill on December 16, 2003. As a result, Plaintiff called 911 in order to procure medical assistance for him. After Mr. Hicks voiced a fear that the North Las Vegas Police Department ("NLVPD") might kill him if they responded to the call, Plaintiff claims that she informed the 911 dispatcher that there was no need for police presence. Mr. Hicks then ran from the house, apparently nude,

in fear that the police might respond to his mother's call.  The NLVPD apparently discovered the dispatch of an ambulance to the Hicks residence.  According to Plaintiff, the NLVPD dispatched several officers, informing them only that "an unidentified black male was perceived to be nude while running along Hassell Avenue, located in the City of North Las Vegas."  (2d Am. Compl. ¶ 76.)

After verbally confronting Plaintiff, who was looking for her son outside of her home, the NLVPD saw a group of people, one of whom was covering a nude male with a jacket.  The officers allegedly threatened to use deadly force on the group if they would not put their hands up.  Mr. Hicks then ran into his grandmother's residence, which was located nearby.  According to Plaintiff, at the officers' demand, Mr. Hicks exited his grandmother's residence and surrendered himself to the police.

Plaintiff claims that several officers violently apprehended Mr. Hicks after his surrender, handcuffed him, and used force, possibly including a choke hold, to immobilize Mr. Hicks face down.  Mr. Hicks died later that night.  The death certificate, which was released on February 12, 2004, indicated that Mr. Hicks died from asphyxiation.

Plaintiff was informed of her son's death early the following morning, on December 17, 2003.  Two years and two days later, she filed a complaint on behalf of her son and herself against Defendants regarding the incident.  Defendants now move the Court to dismiss Plaintiff's Second Amended Complaint (#19) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, because Plaintiff filed her complaint after the expiration of a two-year statute of limitations.

**DISCUSSION**

I.     **Rule 12(b)(6) Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a

challenge by the moving party that, on the face of the pleadings, the nonmoving party cannot prevail as a matter of law because the allegations do not assert a cause of action cognizable under federal law.  See, e.g., Conley v. Gibson, 355 U.S. 41, 45–46 (1957).

Dismissal for failure to state a claim under Rule 12(b)(6) is proper only if it is beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.  See Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff.  In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996).  Although a court should assume the factual allegations to be true, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## II.     Statute of Limitations

Plaintiff's claims consist of civil rights violations under 42 U.S.C. § 1983.  (See 2d Am. Compl. ¶¶ 1, 23.)  Although § 1983 itself does not define a limited period in which to bring claims, it is limited by the state statute governing the cause of action.  See Wilson v. Garcia, 471 U.S. 261 (1985).  Nevada mandates a two-year statute of limitations for personal injury actions, and the Ninth Circuit has limited actions brought under § 1983 in Nevada to this two-year period.  See Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989); Nev. Rev. Stat. 11.190.4(e).  State law also governs tolling of the statute of limitations to the extent the state tolling rules are not inconsistent with federal law.  Morales v. City of Los Angeles, 214 F.3d 1151, 1155 (9th Cir. 2000).

Federal law determines when a civil rights action accrues, with the "clock" starting when the plaintiff "knows or has reason to know of the injury which is the basis of the

action." Elliot v. City of Union City, 25 F.3d 800, 801–02 (9th Cir. 1994). The parties do not dispute the application of a two-year statute of limitations, but they dispute when Plaintiff had reason to know of the injuries underlying her claims. Plaintiff does not allege that tolling rules should apply.

### III.  Date of Accrual

On behalf of her son, Plaintiff claims that Defendants are liable for deliberate indifference to the serious medical needs of her son, for failure to train, investigate and discipline the officers who caused her son's death, and for unreasonable seizure and use of excessive force. On her own behalf, Plaintiff claims that Defendants are liable for the loss of her right to enjoy the society of her son.

Plaintiff argues that the statute of limitations did not begin to run until she obtained the necessary facts supporting the legal substance of her claim, namely that the NLVPD might have been involved in her son's death. Under that reasoning, the statute of limitations would have begun to run, at the earliest, when Plaintiff received her son's death certificate, on February 12, 2004, which contained a determination that Mr. Hicks died of asphyxiation.

Defendants assert that Plaintiff knew of the injury on which her lawsuit is based—the death of her son—on, at the latest, December 17, 2003. Accordingly, Defendants state that Plaintiff had to file her complaint by December 17, 2005. Because Plaintiff did not file her complaint until December 19, 2005, Defendants argue that the statute of limitations bars her claims, and thus the Court must dismiss them. Defendants argue that Plaintiff is asserting that her claim accrued at the time she knew the *cause* of her son's injury, rather than the time at which she knew of the injury itself.

The statute of limitations begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of the action." Elliot, 25 F.3d at 801–02. In this case, it

is undisputed that Plaintiff knew of her son's death by December 17, 2003. However, this does not necessarily mean that the limitations period began to run on that date. Plaintiff did not become aware of the legal or constitutional injury that forms the basis for her suit until she had reason to suspect that the police officers played a role in her son's death. Mere knowledge that her son died is insufficient to notify Plaintiff of her legal cause of action. Plaintiff claims that she was not aware of the constitutional injury until she received the death certificate on February 12, 2004, which indicated that her son died of asphyxiation.

Defendants argue that Plaintiff had reason to know on the night of the incident, or at least the following day, that the NLVPD might have been involved in her son's death. Defendants claim that Plaintiff had reason to know that her son might have died at the hands of the NLVPD on December 17, 2003, because she witnessed the entire encounter between her son and the officers. However, read in the light most favorable to Plaintiff, the complaint does not conclusively establish that Plaintiff witnessed the arrest.

While it is clear that Plaintiff was in the vicinity, the Court cannot conclusively determine from the allegations in the complaint that Plaintiff (or anyone else) actually saw the physical interaction between Mr. Hicks and the police. The Court might agree with Defendants that the limitations period started on December 17, 2003, if Plaintiff witnessed the entire arrest. However, at this stage of the litigation, the Court is unable to find that Plaintiff witnessed the arrest, and thus knew of the legal cause of action immediately. Whether Plaintiff saw the physical encounter between her son and the officers remains an issue of fact, and thus dismissal is inappropriate.

The Court makes no ruling on whether the statute of limitations expired before Plaintiff filed her complaint. If Plaintiff sufficiently witnessed the actions of the officers during the arrest so as to make her immediately aware of her legal cause of action, her

complaint is probably untimely. If not, Plaintiff likely filed her complaint within the statutory period because mere knowledge of her son's death would not put Plaintiff on notice of her legal cause of action, and thus would not trigger the limitations period. Because the Court is unable to conclusively resolve this factual issue at the current stage of the litigation, dismissal is inappropriate.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#22) is *denied*.

DATED: August 31, 2006.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE